UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STAN KINDER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10cv457 JD |
| | ) |
| GAS CITY POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Stan Kinder, a prisoner confined at the Grant County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, naming the Gas City Police Department and Gas City Police Officer Billy Star as defendants. Mr. Kinder alleges that Officer Star tased him unnecessarily during an arrest. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d

1074, 1086 (7th Cir. 2008). The Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Kinder names the Gas City Police Department and Officer Star as defendants, "but a police department is not a suable entity under § 1983." *Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009), citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997), *see also Jones v. Bowman*, 694 F.Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through with the government fulfills its policy functions and is not a proper party defendant).

Mr. Kinder could sue Gas City, asserting an official capacity claim against the municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)

(Emphasis in original). "Municipal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Mr. Kinder does not allege that Officer Star used excessive force on him as a result of an official policy established by the city and therefore has not stated an official capacity claim against Gas City.

Mr. Kinder alleges that when Officer Star arrested him on August 22, 2010, he tased Mr. Kinder twice even though he had not fled or physically resisted arrest, and even though he told Officer Star "I have pacemaker, do not tase me!" [DE 1 at 3]. Mr. Kinder alleges that Officer Star used excessive and unnecessary force in violation of the United States Constitution's Fourth and Eighth Amendments [DE 1 at 4].

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395, (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Mr. Kinder's claim arose during his arrest, so this complaint must be analyzed under Fourth Amendment standards.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983). The Seventh Circuit reviewed the question of whether a taser gun constituted a *de minimis* application of force in *Lewis v. Downey,* 581 F.3d 467 (7th Cir. 2009). "As one basis for his decision, the magistrate judge found that the use of the taser gun was a *de minimis* application of force." The Seventh Circuit disagreed. *Id.,* at 475.

> As the Supreme Court has said, pain, not injury, is the barometer by which we measure claims of excessive force, see *id*. at 9, and one need not have personally endured a taser jolt to know the pain that must accompany it, *see Hickey v. Reeder*, 12 F.3d 754, 757 (8th Cir.1993) ("[A] stun gun inflicts a painful and frightening blow [that] temporarily paralyzes the large muscles of the body, rendering the victim helpless."); *see also Matta- Ballesteros v. Henman*, 896 F.2d 255, 256 n. 2 (7th Cir.1990) (noting that a taser "sends an electric pulse through the body of the victim causing immobilization, disorientation, loss of balance, and weakness"). Thus, we hold, as the first rung in the ladder of our analysis, that the use of a taser gun against a prisoner is more than a *de minimis* application of force.

*Id.,* at 475.

Based on the analysis of *Lewis v. Downey*, the use of a taser gun is more than a *de minimis* use of force, so unnecessary use of a taser on an unresisting citizen states a Fourth Amendment claim upon which relief can be granted under § 1983. Accordingly, the court:

(1) GRANTS the Plaintiff leave to proceed against Defendant Billy Star in his individual capacity for damages, on the Plaintiff's Fourth Amendment claim that he used excessive force on the Plaintiff;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims and Defendants;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS Defendant Star to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on Defendant Star, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

ENTERED: February 28, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court