UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STAN KINDER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-457 JD |
| | ) | |
| GAS CITY POLICE DEPARTMENT, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## **OPINION AND ORDER**

On August 22, 2010, Gas City police officer William Starr used a taser on Plaintiff Stan Kinder during the course of an arrest. Kinder filed a complaint pursuant to 42 U.S.C. § 1983 naming the Gas City Police Department and Officer Starr as defendants [DE 1]. This Court screened the complaint and, pursuant to 28 U.S.C. § 1915A(b)(1), dismissed Kinder's claim against the Gas City Police Department, but allowed his Fourth Amendment excessive force claim against Officer Starr in his individual capacity to proceed. [DE 6]. On March 28, 2012, Officer Starr moved for summary judgment pursuant to Fed. R. Civ. P. 56. Kinder did not respond.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001); Fed. R. Civ. P. 56(c). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson*, 477 U.S. at 248. A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. On the other hand, where a factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving

party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party, as well as draw all reasonable and justifiable inferences in her favor. *Anderson*, 477 U.S. at 255; *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). But the non-moving party cannot simply rest on the allegations or denials contained in its pleadings. It must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Furthermore, the non-moving party may rely only on admissible evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009).

Kinder alleges that Officer Starr used excessive force when he arrested Kinder. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Conner*, 490 U.S. 386, 396 (1989). All claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. at 395; see also *Lopez v. City of Chi.*, 464 F.3d 711, 718 (7th Cir. 2006) ("the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction."). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the

countervailing governmental interests at stake." *Id.* at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983).

"The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The question is "whether the totality of the circumstances" justifies the officer's actions. *Graham v. Conner*, 490 U.S. at 396, *quoting Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight," and "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham v. Conner*, 490 U.S. at 396-397. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* at 396, quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973).

The question in a Fourth Amendment excessive use of force case is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Conner,* 441 U.S. at 497; *Swanson v. Fields*, 814 F.Supp. 1007, 1018 (D. Kan.), *affirmed*, 13 F.3d 407 (10th Cir. 1993) ("the test is not what in hindsight seems prudent, but what a reasonable officer would do in the heat of the moment.") Courts should take into account the totality of the facts confronting the officer and begin their analysis from the moment the officer first has contact with the suspect "in order to place the officer's conduct in context." *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir. 1997), *cert. denied,* 522 U.S. 1116 (1998).

In support of his motion for summary judgment, Officer Starr submits his own affidavit [DE

3

43-1], photographs of the scene of the arrest [DE 43-2 and 3], documents from the criminal prosecution filed against Kinder [DE 43-4], and certified medical records from the Marion General Hospital [DE 43-5]. Officer Starr's affidavit recounts his version of his arrest of Kinder on August 22, 2010, which contradict the allegations contained in the Plaintiff's complaint.

Because the Defendant met his initial obligation under Fed. R. Civ. P. 56, the burden shifts to the Plaintiff to come forth with evidence sufficient to allow a factfinder to decide in his favor the question of whether Officer Starr used excessive and unnecessary force on him on August 22, 2010. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Although the Defendant provided the Plaintiff with an extensive warning, as required by *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) *cert. denied,* 504 U.S. 957 (1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing his dispositive motion [DE 44], Kinder has not responded to his summary judgment motion. Accordingly, the Court must accept the Defendant's uncontested sworn statements of fact as true.

The Defendant's submissions establish that on August 22, 2010, Officers Starr and Micah Burdette responded to a domestic problem call [DE 43-1 ¶ 2]. Brandi Firebaugh, who had called the police, told them that Kinder was intoxicated, had taken her keys, and that she feared for her safety [DE 43-1 ¶ 3]. Kinder fled and hid behind a freestanding garage, where Officer Starr found him [DE 43-1 ¶¶ 5, 12]. It was dark and Officer Starr had only his flashlight for illumination [DE 43-1 ¶ 11]. Officer Starr identified himself as a police officer [DE 43-1 ¶ 13] and when Kinder did not come out from behind the garage he called for backup from Officer Burdette [DE 43-1 ¶ 14]. Officer Starr ordered Kinder to put his hands into the air, which Kinder ignored [DE 43-1 ¶¶ 15-16].

Kinder had a pool cue in his right hand and something else that Officer Starr could not identify in his left hand [DE 43-1 ¶ 17]. Officer Starr ordered Kinder several times to drop the items

4

in his hands, but Kinder did not comply [DE 43-1 ¶¶ 18-20]. Kinder appeared to point the item in his left hand at Officer Starr [DE 43-1 ¶ 21]. Officer Starr, believing that the item in Kinder's left hand might be a gun shot Kinder with his taser [DE 43-1 ¶ 21]. Kinder fell to the ground, but after five seconds he started to rise again [DE 43-1 ¶ 25]. Officer Starr ordered Kinder to stay down and show his hands, but Kinder did not comply [DE 43-1 ¶ 26]. Officer Starr shot Kinder again with his taser, causing Kinder to drop the item in his left hand [DE 43-1 ¶ 27], which turned out to be a cell phone [DE 43-1 ¶ 30].

After he was placed into custody, Kinder told Officer Starr that he had a pacemaker [DE 43-1 ¶ 28]. Officer Burdette took Kinder to the Marion General Hospital, where he was evaluated and cleared to be taken to the Grant County Jail [DE 43-1 ¶ 35]. The hospital records submitted by Officer Starr establish that Kinder's pacemaker was still functioning, that he did not complain of pain, and that the taser wounds were "well away from the pacemaker" [DE 43-5 at pp. 4-7]. As a result of this incident, Kinder eventually pleaded guilty to resisting law enforcement in violation of Ind. Code § 35-44-3-3, which has since been repealed.

The question before the Court is "whether the totality of the circumstances" justifies Officer Starr's actions. *Graham v. Conner*, 490 U.S. at 396, *quoting Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In *Bell v. Irwin*, 321 F3d, 637 (7th Cir. 2003), the Seventh Circuit stated:

> When material facts are in dispute, then the case must go to a jury, whether the argument is that the police acted unreasonably because they lacked probable cause, or that they acted unreasonably because they responded overzealously or with too little concern for safety. But when material facts (or enough of them to justify the conduct objectively are undisputed), then there would be nothing for a jury to do except second-guess the officers, which *Graham* held must be prevented. Since *Graham* we have regularly treated the reasonableness of force as a legal issue, rather than an analog of civil negligence. This appears to be the accepted rule; the Bells do not cite, and we could not find any post-*Graham* appellate opinion holding that the reasonableness of using force is a jury question even if no factual disputes require resolution.

*Bell v. Irwin*, 321 F.3d at 640 (emphasis in original, citations omitted).

Based on the undisputed facts set forth in Officer Starr's affidavit, the Court concludes that Kinder fled from Officer Starr, that he had a pool cue in one hand and an unidentified object in the other, and that he refused Officer Starr's orders to put his hands into the air, to drop the items in his hands, and to stay down and show his hands. Given that Kinder failed to comply with a reasonable and necessary orders, that he was carrying a pool cue, and that Officer Starr had a reasonable belief that Kinder might be armed with a gun, some level of force was valid to effectuate this arrest. It may be that Officer Starr had other options, such as the use of physical force aside from the taser, available to him to effectuate the arrest. But the option Officer Starr chose is within the range of objectively reasonable responses to Kinder's intransigence.

Furthermore, even if the Court were persuaded that Officer Starr's use of force was unconstitutional as a matter of law, Officer Starr would be entitled to qualified immunity. "[G]overnmental actors performing discretionary functions enjoy qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Estate of Escobedo v. Bender*, 600 F.3d 770, 778 (7th Cir. 2010), quoting *Sallenger v. Oakes*, 473 F.3d 731, 739 (7th Cir. 2007); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The courts have developed a two-pronged test for the availability of qualified immunity at the summary judgment stage. The first question is whether, taking the facts in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009)). The second question is whether that particular constitutional right was "clearly established" at the time of the alleged violation. *Id*.

The Court has already concluded that Officer Starr's use of force was constitutionally reasonable. But even if it did violate a constitutional right, that right was not clearly established as of August 22, 2010. The courts are still grappling with the relationship between the Fourth Amendment and the use of tasers to effectuate arrests or neutralize threats to law enforcement, and

outcomes in the case law vary substantially. It is clear, at least, that the use of a taser is not *per se* unconstitutional force. See *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Porro v. Barnes*, 624 F.3d 1322 (10th Cir. 2010) ("The use of tasers in at least some circumstances – such as in a good faith effort to stop a detainee who is attempting to inflict harm on others – *can* comport with due process."). But it is also clear that under some circumstances it can be. See, e.g., *Willenbring v. City of Breezy Point*, 2010 WL 3724361 at *6 (D. Minn. Sept. 16, 2010) (collecting cases). In those cases in which courts have found taser use unreasonable, however, either the force used was much more egregious, the governmental interest was less compelling, or both, than is the case here. In short, the Court is aware of no case which reached a different outcome on facts sufficiently analogous to this case to justify concluding that Officer Starr "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." *Bender*, 600 F.3d at 778.

For the foregoing reasons, the court **GRANTS** Defendant Starr's motion for summary judgment [DE 41], and **DIRECTS** the clerk to enter judgment in favor of the Defendants and against the Plaintiff.

SO ORDERED.

ENTERED: August 8, 2012

                                                        /s/ JON E. DEGUILIO
                                                 Judge
                                                 United States District Court